| | |
|---|---|
| Steven H. Sackmann, #00618<br>Sackmann Law Office<br>P. O. Box 409 - 455 E. Hemlock, #A<br>Othello, Washington 99344<br>(509) 488-5636 - phone<br>(509) 488-6126 - FAX<br><br>Attorney for Debtor(s) | HON. FRANK L. KURTZ<br>Chapter 12 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

In Re:

SMITH BROTHERS FARMS,
a Partnership,

          Debtor.

NO. 06-01570-FLK12

FINDINGS OF FACT AND
CONCLUSIONS OF LAW
REGARDING CONFIRMATION
OF PLAN

      THIS MATTER having come on regularly for hearing via hearing before the Honorable Frank L. Kurtz, Bankruptcy Judge for the Eastern District of Washington, on the 20th day of September, 2007, and SMITH BROTHERS FARMS, a Partnership, (hereinafter "Debtor" and/or "Smith") appearing by and through its attorney of record, STEVEN H. SACKMANN, and CHRIS SMITH being sworn and testifying on behalf of Debtor, and having submitted testimony by Declaration and the Court having considered the Declaration and the testimony offered in support of confirmation of the Plan and deeming itself fully advised in the premises, now makes the following

### FINDINGS OF FACT:

    A.    **Procedural Status.** On July 7, 2006, Debtor filed its Chapter 12 proceeding. Debtor filed its Chapter 12 Plan on or about November 21, 2006. Debtor filed its First Amended Chapter 12 Plan on or about July 16, 2007.

    All Administrative Claimants consented to Plan treatment.

    B.    **Plan Objections.** Five (5) Objections to the Chapter 12 Plan were received.

        B.1.    <u>Wheatland Bank</u>. Wheatland Bank objected that the plan was not proposed in good faith, treatment of Wheatland Bank and ability of Debtor to make plan payments. These objections have been resolved in Debtor's First Amended Chapter 12 Plan.

B.2. Marcella Thompson. Marcella Thompson objected that the Plan does not provide for immediate payment. These objections have been resolved in Debtor's First Amended Chapter 12 Plan.

B.3. Internal Revenue Service Objection. IRS objections have been resolved by completion of tax returns and amending the interest rate in the First Amended Plan.

B.4. Farm Service Agency. Farm Service Agency objected treatment of Farm Service Agency, repayment terms and that the plan fails to meet the requirements of Chapter 12 of the Bankruptcy Code. These objections have been resolved in Debtor's First Amended Chapter 12 Plan.

B.5. Deere & Company. Deere & Company objected for reason of receipt of contract payments. These objections have been resolved in Debtor's First Amended Chapter 12 Plan.

C. **Plan Provisions.** The First Amended Chapter 12 Plan provides:

C.1. For the submission of all or such portions of future earnings or other future income of the Debtor to the supervision and control of the Trustee as is necessary for the execution of the First Amended Plan.

C.2. For the full payment in deferred cash payments of all claims entitled to priority under Section 507 of this title as follows:

a. Debtor's Attorney: Debtor's attorney has been paid a retainer of $13,156.27. Debtor's attorney has incurred costs and performed services totaling approximately $5,000.00 as of the projected Confirmation Date and shall be paid for costs incurred and uncompensated work at the rate of $240.00 per hour on or before the "Date of Distribution," PROVIDED, HOWEVER, that all fees and costs shall be subject to Court approval.

b. Internal Revenue Service: Internal Revenue Service is owed the sum of $42,284.47. IRS has been paid $18,420.87 from 2005 crop proceeds. The remaining secured claim in the sum of $11,555.62 shall be paid in not more than 5 annual payments in the approximate sum of $2,894.18 including interest at 8% per annum commencing one year from "Date of Confirmation" and continuing on the same date of each year thereafter until paid in full. The priority claim in the sum of $9,706.49 shall be paid in not more than 3 annual payments in the approximate sum of $3,766.44 including interest at 8% per annum commencing one year from "Date of Confirmation" and continuing on the same date of each year thereafter until paid in full. The sum of $2,601.49 is an unsecured general claim and is provided for in Class IX Unsecured Creditors. All other taxes accruing each year throughout the term of this First Amended Plan shall be paid in full when due. The IRS claims will not be discharged until paid. The IRS will give 30 days written notice if the Debtor is not current in payments under the Plan. If the default is not cured, the IRS may resort to its normal administrative remedies outside the Plan.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING CONFIRMATION OF PLAN - 2
sackmannlaw:CLIENTS:SMITH. CHRIS:PLAN:FINDINGS OF FACT-PLAN          (9/18/07)

06-01570-FLK12    Doc 163    Filed 09/20/07    Entered 09/21/07 17:12:31    Pg 2 of 7

c. Employment Security Department: Delinquent taxes owed to Employment Security Department for employment taxes, in the sum of $1,364.30, together with interest and penalties calculated to "Date of Confirmation" shall be paid as soon as Cash Surplus is available, but in not less than 3 annual payments including interest at 9% per annum provided for said taxing authority commencing one year from "Date of Confirmation" in the estimated sum of $538.97. Taxes owed for 2006 shall be paid current. All other taxes accruing each year throughout the term of this First Amended Plan shall be paid in full when due.

d. Department of Labor & Industries: Delinquent taxes owed to Department of Labor & Industries for employment taxes, in the sum of $2,126.34, together with interest and penalties calculated to "Date of Confirmation" shall be paid as soon as Cash Surplus is available, but in not less than 3 annual payments including interest at 9% per annum provided for said taxing authority commencing one year from "Date of Confirmation" in the estimated sum of $840.02. Taxes owed for 2006 shall be paid current. All other taxes accruing each year throughout the term of this First Amended Plan shall be paid in full when due.

C.3. For the same treatment of each claimant within classified claims.

C.4. That the provisions of Chapter 12 of the Code have been complied with and that the First Amended Plan has been proposed in good faith and not by any means forbidden by law; and

C.5. All fees, charges and amounts required under Chapter 12 of Title 28, or by the First Amended Plan to be paid before or after Confirmation have been paid or provided for; and

a. Article VIII of the First Amended Plan provides that the Debtor shall pay the Chapter 12 Trustee pursuant to 11 USC § 330 in an amount and at times approved by the Bankruptcy Court. Notwithstanding the foregoing, in the event the Trustee is appointed a standing trustee by the office of the United States Trustee, the Trustee shall deduct the percentage fee as fixed from time to time by the Attorney General, pursuant to 11 USC §586(e).

C.6. The value, as of the effective date of the First Amended Plan, of property to be distributed under the First Amended Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor was liquidated under Chapter 7 of the Code.

a. Pre-petition creditors who have filed unsecured claims and undersecured creditors are identified as follows:

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING CONFIRMATION OF PLAN - 3
sackmannlaw:CLIENTS:SMITH. CHRIS:PLAN:FINDINGS OF FACT-PLAN        (9/18/07)

### Unsecured Claims

| | |
|---|---|
| Valmont Northwest, Inc. | $19,006.58 |
| Commercial Tire | $1,738.83 |
| Credit Service of Central Washington d/b/a Central Bonded Collectors | $4,107.26 |
| NACM | $19,087.12 |
| Internal Revenue Service | $2,601.49 |

### Undersecured Creditors

| | |
|---|---|
| CHS, Inc. | $20,245.66 |
| Doug Smith | $68,800.00 |

  b. Unsecured and undersecured creditors shall pursuant to Paragraph 5.9 receive the sum of $15,000.00 payable $5,000.00 each year without interest commencing one year from "Date of Confirmation" to the Chapter 12 Trustee to be paid to the claims of Class IX in accordance with §1225(b)(1)(C). Debtor's Liquidation Analysis attached as Exhibit "A" to the First Amended Chapter 12 Plan and Cash Flow Budgets attached as Exhibit "B" to the First Amended Chapter 12 Plan do not demonstrate that Debtor will have any additional "Disposable Income" during the plan period for distribution to Unsecured Creditors and/or Undersecured Creditors.

  C.7. With respect to each allowed secured claim provided for by the First Amended Plan, the holders of each such claim have accepted the First Amended Plan and the First Amended Plan provides that these secured claimants retain their liens securing their claims with values as of the effective date of the First Amended Plan in amounts not less than the allowed amounts of their claims. The following secured claimants have either accepted the First Amended Plan or have failed to timely object to the following plan treatments:

  a. CHS, Inc.: The entire sum owing CHS, Inc. is the approximate sum of $76,905.31 secured by 2004 and 2005 crops. CHS, Inc., has been paid $49,35.23 from 2004 crop proceeds and $6,924.42 from 2005 crop proceeds. All sums which are still owed CHS, Inc. after distribution of 2004 and 2005 crop proceeds in the approximate sum of $20,245.66 is unsecured and is provided for in Class IX.

  b. Farm Service Agency: The entire sum owing Farm Service Agency is the sum of $59,090.27. Debtor has reduced this sum to $41,506.22 including interest calculated to "Date of Confirmation". This indebtedness is secured by a security interest in Debtor's crops, vehicles, farm equipment, irrigation equipment and livestock. Debtor shall pay to Farm Service Agency the fully secured claim in the sum of $41,506.22 including interest calculated to "Date of Confirmation " in 15 equal amortized annual payments in the sum of $3,962.00 including interest at the rate of 5% per annum to accrue on the balance owing as of the "Date of Confirmation," with payments commencing one year from "Date of Confirmation" with subsequent payments due on the same date each year thereafter until the entire balance of principal and accrued interest is paid in full no later than Fifteen (15) years from "Date of Confirmation".

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING CONFIRMATION OF PLAN - 4
sackmannlaw:CLIENTS:SMITH, CHRIS:PLAN:FINDINGS OF FACT-PLAN (9/18/07)

06-01570-FLK12 Doc 163 Filed 09/20/07 Entered 09/21/07 17:12:31 Pg 4 of 7

c. **Deere & Company:** The entire indebtedness owing Deere & Company is the sum of $7,818.92 secured by a Purchase Money Security Interest in the 4955 Row Crop Tractor which has a value of $22,500.00. Debtor is current on this obligation and shall continue to pay Deere & Company the fully secured claim in the sum of $7,818.92 pursuant to the contract terms.

d. **Marcella Thompson:** The entire sum owing Marcella Thompson is the sum of $72,432.00 secured by 2005 and 2006 crops. Marcella Thompson has been paid $57,669.00 from 2005 crop proceeds. The remaining rent in the sum of $14,763.00 has also been paid to Marcella Thompson and is a "constructive disbursement" made directly by the Debtor. Debtor shall provide Trustee proof of payment and shall remit 10%, i.e. $1,476.30 to cover Trustee's fee no later than December 1, 2007. This creditor was impaired and has now been paid in full.

e. **C. J. Cubers, Inc.:** C. J. Cubers, Inc. has financed and purchased Debtor's 2006 and 2007 crops. C. J. Cubers, Inc. shall be paid in full upon harvest and sale of Debtor's 2006 and 2007 crops in accordance with the ordinary course of business.

f. **Doug Smith:** The entire sum owing Doug Smith is the sum of $78,800.00. Doug Smith has been paid $10,000.00 from 2005 crop proceeds. All sums in the approximate sum of $68,800.00 which remain unpaid are unsecured and shall be provided for in Class IX.

g. **Wheatland Bank:** The entire sum owing Wheatland Bank is the sum of $292,265.04, including interest calculated to "Petition Date"". This indebtedness is secured by a security interest in Debtor's 2004, 2005 and 2006 crops, farm equipment, irrigation equipment, judgment Debtor holds against John Hoksbergen and Hoksbergen Hay 1999, LLC in the sum of $22,000.00, and livestock. Wheatland Bank's security interest is subject to prior security interests of CHS, Inc., Marcella Thompson, Internal Revenue Service, Doug Smith and Farm Service Agency. Wheatland Bank has/will be paid $47,822.02 from 2004 crop proceeds leaving the sum of $244,443.02 unpaid. After deducting the prior security interests of Farm Security Agency in the sum of $41,122.00 and the prior security interests of John Deere in the sum of $7,818.02, the value of Wheatland Bank's collateral is the sum of $253,847.00 which is the maximum secured claim of Wheatland Bank including post petition interest and attorney fees. Debtor shall pay Wheatland Bank the value of its secured claim in the sum of $244,443.02 in 10 equal amortized annual payments in the approximate sum of $37,255.00 including interest at the rate of 8.5% per annum commencing one year from "Date of Confirmation" with subsequent payments due on the same date each year thereafter until the entire balance of principal and accrued interest is paid in full.

D. **Plan Payments.** Debtor believes it will be able to make all payments under the First Amended Plan and comply with the First Amended Plan. The Cash Flow Budgets are attached as Exhibit "B" to the First Amended Chapter 12 Plan. All estimates of expenses and yields are derived from Debtor's past operating history. Prices are derived from current market conditions. I project that Debtor's farming operation will be profitable as shown on the Cash Flow Budgets attached as Exhibit "B" to the First Amended Chapter 12 Plan.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING CONFIRMATION OF PLAN - 5
sackmannlaw:CLIENTS:SMITH, CHRIS:PLAN:FINDINGS OF FACT-PLAN        (9/18/07)

Having heretofore made its Findings of Fact, the Court now enters the following:

**CONCLUSIONS OF LAW**

1. Debtor's First Amended Chapter 12 Plan meets the following requirements:

    a. The Plan complies in all aspects with the applicable provisions of Chapter 12 of the Code, and specifically, 11 USC §1129;

    b. Debtor has complied with the applicable provisions of Chapter 12;

    c. The Plan has been proposed in good faith and not by any means forbidden by law;

    d. Any payment made or to be made by the Debtor or person acquiring property under the plan for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable;

    e. With respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan or will receive or retain under the plan, on account of such claim or interest, property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 of this title on such date.

    f. With respect to each class of claims or interests such class has accepted the plan.

    g. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan;

    h. All fees payable under § 1930 of Title 28 have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan;

    i. All holders of undisputed unpaid post petition administrative claims have agreed to be paid in full without interest in accordance with the plan.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING CONFIRMATION OF PLAN - 6
sackmannlaw:CLIENTS:SMITH, CHRIS:PLAN:FINDINGS OF FACT-PLAN        (9/18/07)

06-01570-FLK12    Doc 163    Filed 09/20/07    Entered 09/21/07 17:12:31    Pg 6 of 7

j. The proposed Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests.

2. Debtor's First Amended Chapter 12 Plan should be confirmed.

DATED this _____ day of _____, 2007.

Presented by:

STEVEN H. SACKMANN, #00618
Attorney for Debtor


Frank L. Kurtz
Bankruptcy Judge
09/20/2007 02:47:00 PM

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING CONFIRMATION OF PLAN - 7
sackmannlaw:CLIENTS:SMITH, CHRIS:PLAN:FINDINGS OF FACT-PLAN          (9/18/07)